(79 Misc. Rep. 209.)

MILLS v. GOLD.

(Supreme Court, Appellate Term, First Department. February 6, 1913.)

1. PAYMENT (§ 63*)—PLEADING AND PROOF.

Where plaintiff gave defendant a check for $5,000, and they bought a chicken ranch, each paying $5,000, defendant paying with the check, and subsequently incorporated the venture, in an action by plaintiff for the $5,000, claiming that it was a loan, evidence as to the distribution of the stock, and that plaintiff received $5,000 extra stock, was admissible, although defendant had not pleaded payment.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 152–161; Dec. Dig. § 63.*]

2. PLEADING (§ 280*)—SUPPLEMENTAL ANSWER.

In an action for money lent, the court properly refused to allow a supplemental answer pleading in bar a judgment for money borrowed several months after the loan in question, where it was not alleged that such second cause of action was a part of the same transaction, or part of a single course of dealings between the parties.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 842–846; Dec. Dig. § 280.*]

Appeal from City Court of New York, Special Term.

Action by Frank P. Mills against Henry Gold. Judgment for plaintiff, and defendant appeals, bringing up for review an order denying leave to serve a supplemental answer. Reversed.

Argued November term, 1912, before LEHMAN and PAGE, JJ.

Arthur L. Fullman, of New York City, for appellant.

Morgan & Breckenbridge, of New York City (George P. Breckenbridge, of New York City, of counsel), for respondent.

PAGE, J. The action was brought to recover $5,000, alleged to have been loaned by the plaintiff to the defendant. The answer is a general denial.

[1] At the trial it was undisputed that the parties had for some time been contemplating a joint venture in chicken farming. They finally purchased a farm for $10,000, and the defendant made it his home and undertook the active management of the business. After a short period they incorporated the business. The $10,000 which they paid for the farm was contributed in this way: Prior to the purchase the plaintiff drew a check to the defendant's order for $5,000, and at the closing of title each paid $5,000 toward the purchase price; the defendant using for that purpose the check previously given to him by the plaintiff. The purpose of this transaction is the main issue in the case; the plaintiff claiming that the check was given by him to the defendant to enable him to contribute equally in the business. The defendant asserts that the plaintiff agreed to furnish all the necessary money for the enterprise, and to allow the defendant a half interest for his services in taking entire charge of the business, and he explains that the check was given to him, so that it would appear to outsiders that they were contributing equal money.

The defendant's attorney attempted to give evidence of the final distribution of the stock of the corporation, and how much stock the

---

plaintiff received for the money he invested, as some proof of the purpose and intention of the parties in regard to the $5,000 check given to the defendant. The trial justice excluded the evidence on the ground, as stated, that payment was not pleaded. An exception was duly taken. After the jury had been out a short while they requested the court to instruct them if they could consider whether the plaintiff received $5,000 extra in stock as a result of his having given the check to the defendant. The court replied in the negative, whereupon a verdict was rendered for the plaintiff for $5,000. The subsequent conduct of the parties in regard to the money advanced, especially when their arrangements crystallized and took final form in the distribution of the corporate stock, have a peculiar probative value as coloring the transaction and determining its meaning, and its natural relevancy is strongly evidenced by the question which the jury addressed to the court. I am of the opinion that the exclusion of this evidence was reversible error.

[2] As to the second question raised by the appeal, namely, the refusal of the Special Term to permit the defendant to serve a supplemental answer, it need only be said in passing that the appellant has failed to bring himself within the rule which he cites. The judgment which he seeks to plead in bar was brought to recover a different sum of money claimed to have been loaned to the defendant at a date several months subsequent to the transaction, which is the subject of this action, and the proposed supplemental answer does not allege that the second cause of action was a part of the same transaction or a single course of dealings between the parties. The order of the Special Term denying the defendant's motion for leave to serve a supplemental answer is therefore affirmed, without prejudice, however, to a renewal of his motion upon papers properly setting forth his defense.

For the reasons above stated, and on the additional ground that the City Court of the City of New York has no jurisdiction to render a judgment for more than $2,000 and costs, the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

LEHMAN, J., concurs.